Joseph J. Joyce (Bar No. 4857)
Clint A. McAdams (Bar No. 11156)
**J. JOYCE & ASSOCIATES**
10813 South River Front Parkway, Suite 460
South Jordan, Utah 84095
Telephone: (801) 302-2255
Facsimile: (801) 302-2266
Email: jjj@jjoycelawfirm.com

Sharon M. Woods (admitted in Michigan, filing *pro hac vice*)
Morley Witus (admitted in Michigan, filing *pro hac vice*)
**BARRIS, SOTT, DENN & DRIKER, PLLC**
211 W. Fort St., 15th Floor
Detroit, MI 48226
Telephone: (313) 965-9725
Facsimile: (313) 965-2493
Email: swoods@bsdd.com

William A. Sankbeil (admitted in Michigan, filing *pro hac vice*)
Joanne Geha Swanson (admitted in Michigan, filing *pro hac vice*)
**KERR, RUSSELL AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
Email: was@krwlaw.com

*Attorneys for Petitioners*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| ORRIN WOODWARD, LAURIE WOODWARD, CHRIS BRADY, TERRI BRADY, TIMOTHY MARKS, and AMY MARKS, individuals,<br><br>Petitioners,<br><br>v.<br><br>AMWAY CORP.,<br><br>Respondent. | Case: 2:09cv00651<br>Assigned To : Waddoups, Clark<br>Assign. Date : 7/27/2009<br>Description: Woodward, et al v Amway<br><br>**PETITION TO VACATE ARBITRATION AWARD** |

---

**PETITION TO VACATE ARBITRATION AWARD**

---

{34078\1\JGS0585.DOC:1}                                1

1. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Petitioners Orrin Woodward, Laurie Woodward, Chris Brady, Terri Brady, Timothy Marks, and Amy Marks (collectively "Petitioners"), bring this Petition to vacate an arbitration award issued against them in favor of Amway Corporation (formerly known as Quixtar, Inc.) ("Amway") by a JAMS arbitrator.

2. Three consolidated suits which raise the same or similar claims that form the basis for this Petition to Vacate – including, but not limited to, the existence, applicability and enforceability of Amway's ostensible agreement to arbitrate as well as the enforceability of the Amway Rules of Conduct upon which the arbitration demand was based - are pending in this Court before Judge Bruce Jenkins in *MonaVie, LLC v. Amway Corp.*, Case No. 2:08-cv-204; *Amway Corp. v. MonaVie, LLC*, Case No. 2:08-cv-209; and *Guzzardo v. Amway Corp.*, Case No. 2:09-cv-259.

3. In *Amway Corp. v MonaVie*, Amway elected to sue MonaVie in the United States District Court for the District of Utah, asserting that MonaVie tortiously interfered with Amway's ostensible contracts with 20 former distributors, including Petitioners Orrin and Laurie Woodward, Chris and Terri Brady, and Timothy and Amy Marks. The acts underlying the tortious interference claim are the same as those asserted in the arbitration. The "ostensible contracts of the Woodwards, the Bradys and the Marks are also the subject of MonaVie's declaratory judgment action against Amway in this Court relative to the enforceability of the provisions underlying Amway's tortious interference claim against MonaVie. Further, the Woodwards, the Bradys and the Marks are putative class members in the *Guzzardo* action, which seeks a declaratory judgment relative to the existence, applicability and enforceability of Amway's ostensible arbitration agreement and Amway's trade secret, non-solicitation and non-compete rules.

4. From July 7, 2009 through July 15, 2009, Amway participated in a lengthy evidentiary hearing before Judge Jenkins which addressed the very same arbitrability issues that are raised in the Petition to Vacate. Judge Jenkins is currently considering those issues and will render a written opinion. Nonetheless, in a blatant act of forum-shopping, Amway has filed a Petition to Confirm the Arbitration Award in the United States District Court for the Eastern District of Michigan. Amway has filed in Michigan to avoid Judge Jenkins' ruling on these issues and to relitigate the issue in what it deems to be a more favorable forum.1

5. Amway filed its Petition to Confirm prematurely because the award it seeks to confirm is labeled "Interim Award," and it is subject to modification *sua sponte* or upon the request of a party to correct a "computational, typographical, or similar error[.]" The award does not become final until 14 "calendar days after it is issued, if no correction is made, or as of the date a corrected Final Award is issued." Amway's premature filing has necessitated the filing of Petitioners' Petition to Vacate.

6. With this Petition, Petitioners are providing a "Notice of Filing of Petition to Vacate Arbitration Award" to Amway, which notifies Amway in accordance with 9 U.S.C. § 12 that Petitioners will file a Motion to Vacate the Arbitration Award ("Motion to Vacate"). In the Motion to Vacate, Petitioners will move for an order vacating the award of the arbitrator delivered on July 24, 2009 in *Quixtar, Inc. v. Woodward, et al.*, JAMS No. 1100052219, in favor of Amway ("Award").

## PARTIES

7. Petitioners Orrin and Laurie Woodward are residents of St. Lucie County, Florida.

---

[1] Amway has not accomplished personal service on the Woodwards, Bradys or Marks.

{34078\1\JGS0585.DOC;1}3

8. Petitioners Chris and Terri Brady are residents of Lee County, Florida.

9. Petitioners Timothy and Amy Marks are residents of Lee County, Florida.

10. Respondent Amway is a Virginia corporation, with its principal place of business in Kent County, Michigan.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the Petitioners and Amway and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Personal jurisdiction over Amway is proper in this Court pursuant to Utah's long arm statute, Utah Code Ann. § 78B-3-201 et seq. and Fed. R. Civ. P. 4(k)(1)(A) because Amway transacts business within the State of Utah, contracts to supply goods in the State of Utah, and on other grounds. Moreover, Amway has submitted to the jurisdiction of this Court in *MonaVie, LLC v. Amway Corp.*, Case No. 2:08-cv-204, and the proposed class action lawsuit *Guzzardo v. Amway Corp.*, Case No. 2:09-cv-259, and has availed itself of this Court in commencing an action against MonaVie, LLC, a Utah limited liability company, in *Amway Corp. v. MonaVie, LLC*, Case No. 2:08-cv-209. Further, the assertion of personal jurisdiction over Amway in this state comports with the United States Constitution.

13. All three of the above cases have been consolidated together and Petitioners are members of the putative class in *Guzzardo v. Amway Corp.*. That matter is before Judge Jenkins seeking, among other things, a declaration that Amway's ostensible arbitration agreement is

inapplicable and unenforceable, and that the underlying Rules of Conduct upon which the JAMS arbitration was based are unenforceable.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Amway continuously and systematically conducts business in Utah.

## BACKGROUND

15. Amway claims that the Petitioners had an enforceable arbitration agreement with Amway based upon Amway's independent business owner registration forms and the "Quixtar Rules of Conduct."

16. On August 10, 2007, Amway (then known as Quixtar) initiated arbitration proceedings with the JAMS tribunal.

17. Petitioners repeatedly objected to arbitration on several grounds but had no choice but to move forward with the arbitration or risk default.

18. The arbitrator was Linda R. Singer, Esq., JAMS, 1666 Connecticut Avenue, NW, Suite 500, Washington, D.C. 20009 ("Arbitrator Singer").

19. From May 5 through June 4, 2009, Arbitrator Singer conducted a 16-day evidentiary hearing.

20. On July 24, 2009, Arbitrator Singer rendered her Award in favor of Amway and against Petitioners in writing. The Award is designated as Exhibit A and a copy has been filed under seal pending a determination by this Court as to whether filing under seal is necessary.

## CLAIM FOR RELIEF

21. The arbitrator's Award is reviewable under 9 U.S.C. § 10.

22.    This Court should vacate the arbitration award and further find, *inter alia*, that the Award was made with manifest disregard of the law; the Arbitrator exceeded her powers; and the arbitral award is contrary to public policy. The basis for these arguments, *inter alia*, is that a valid arbitration agreement did not exist between the parties and any arbitration agreement that did exist was inapplicable to the underlying matter and is unenforceable. Petitioners further challenge the applicability and legal enforceability of the rules upon which the award depends. For these reasons and the reasons to be articulated in the Motion to Vacate, the Award should be vacated.

Respectfully submitted,

**J. JOYCE & ASSOCIATES**

By: */s/ Clint A. McAdams*

Joseph J. Joyce (Bar No. 4857)
Clint A. McAdams (Bar No. 11156)
10813 South River Front Parkway, Suite 460
South Jordan, Utah 84095
Telephone: (801) 302-2255
Facsimile: (801) 302-2266
Email: jjj@jjoycelawfirm.com

**KERR, RUSSELL AND WEBER, PLC**
William A. Sankbeil (admitted in Michigan, filing *pro hac vice*)
Joanne Geha Swanson (admitted in Michigan, filing *pro hac vice*)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
Telephone:   (313) 961-0200
Facsimile:    (313) 961-0388
Email: was@krwlaw.com

**BARRIS, SOTT, DENN & DRIKER, PLLC**
Sharon M. Woods (admitted in Michigan, filing *pro hac vice*)
Morley Witus (admitted in Michigan, filing *pro hac vice*)
211 W. Fort St., 15th Floor

                                                        Detroit, Ml 48226
Telephone:    (313) 965-9725
Facsimile:    (313) 965-2493
Email: swoods@bsdd.com

Attorneys for Petitioners

Dated: July 24, 2009